# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

CARTUS HAWKINS                                                                                    PLAINTIFF

V.                                          4:08CV00511 JMM/JTR

CLAY SMITH, Officer,
Conway Police Department                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

>    United States District Judge was not offered at the hearing before the
>    Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is a pretrial detainee at the Faulkner County Detention Center, has commenced this *pro se* § 1983 action alleging that Defendant Conway Police Officer Clay Smith violated his constitutional rights. *See* docket entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

**II. Discussion**

Plaintiff alleges that, on March 10, 2008, Defendant Smith performed an improper traffic stop outside of his jurisdiction, falsely arrested Plaintiff for possession of a controlled substance, seized Plaintiff's cell phone and vehicle, and verbally harassed Plaintiff's daughter. *See* docket entries #2 and #5. Plaintiff explains that the traffic stop resulted in him being criminally charged with possession of a controlled substance, and that he is scheduled to be tried in state court on those charges in August of 2008. *Id.*

**A.   Daughter's Claims**

Plaintiff does not have standing to bring any claims on behalf of his daughter, who is *not* a party to this action. *See Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998) (explaining that: "To establish standing, a party must, at a minimum, have actually suffered an injury-in-fact, fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision"); *Sabers v. Delano*, 100 F.3d 82, 83 (8th Cir. 1996) (explaining that a plaintiff does not have standing to bring a claim on behalf of other person, unless the plaintiff has standing to bring the claim in his or her own name).

**B.   Plaintiff's Claims**

It is well established that federal courts should abstain from interfering in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). In *Younger*, the Court explained the rationale for abstention as follows:

---

U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

> [The concept of federalism represents] a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger,* 401 U.S. at 44.

Thus, a federal court should abstain from hearing a case if: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm v. Garden State Bar Assoc.,* 457 U.S. 423, 435 (1982).

As previously explained, Plaintiff concedes that the criminal charges stemming from the March 10, 2008 traffic stop are still pending against him in state court. Clearly, the State has an important interest in enforcing its criminal laws. Further, Plaintiff can raise his challenges to the constitutionality of the traffic stop, search of his vehicle, seizure of his vehicle and cell phone, and subsequent arrest during the state court criminal proceedings. Finally, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate. Accordingly, the Court concludes that the *Younger* abstention doctrine applies at this time. [2]

---

[2] If Plaintiff is acquitted or the state criminal charges are dismissed, he may file a § 1983 action for damages in either state or federal court. *See Allen v. McCurry*, 449 U.S. 90, 100 (1980) (explaining that federal courts have concurrent jurisdiction with state courts to hear § 1983 claims). In contrast, if Plaintiff is convicted, he may file a § 1983 claim for damages only if the conviction has been reversed, expunged, or called into doubt by the highest state court or a federal habeas court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this case CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 14th day of July, 2008.

                                                /s/ J. Thomas Ray
                                    UNITED STATES MAGISTRATE JUDGE

---

*See* 28 U.S.C. § 2254(b) and (c); *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994).